UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 3, 2020

LETTER TO COUNSEL

  RE: *Taft W. v. Saul*
     Civil No. DLB-19-2781

Dear Counsel:

  On September 20, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 10 ("Pl.'s Mot."); ECF 12 ("Def.'s Mot."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). This letter explains my rationale.

  Plaintiff filed his claims for benefits on April 4, 2013, alleging an onset date of September 15, 2009. Administrative Transcript ("Tr.") 83, 94. The SSA denied his claims initially and on reconsideration. Tr. 105-06, 133-34. An Administrative Law Judge ("ALJ") held a hearing on July 31, 2015. Tr. 31-82. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act ("Act") during the relevant time frame. Tr. 11-30. The Appeals Council denied plaintiff's request for review, and plaintiff appealed to this Court. Tr. 1-5, 1000-08. This Court remanded the case to the SSA for further explanation. Tr. 1010-23. An ALJ held a second hearing on February 4, 2019. Tr. 969-99. The ALJ again determined plaintiff was not disabled within the meaning of the Act. Tr. 943-68. The Appeals Council did not exercise jurisdiction, so the ALJ's decision constitutes the final, reviewable decision of the SSA. Def.'s Mot. at 2; *see* 20 C.F.R. §§ 404.984, 416.1484.

  The ALJ found plaintiff severely impaired by "bipolar disorder and posttraumatic stress disorder." Tr. 949. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

*Taft W. v. Saul*
Civil No. DLB-19-2781
December 3, 2020
Page 2

>perform a full range of work at all exertional levels but with the following nonexertional limitations: retains the ability to concentrate, persist, and stay on pace with regard to performing simple one-to-four step, routine, repetitive tasks where such work is performed in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found working on an assembly line.

Tr. 952. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform his past relevant work as a maintenance laborer but could perform other jobs existing in significant numbers in the national economy. Tr. 959. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 960.

On appeal, plaintiff argues the ALJ erroneously assessed his RFC by failing to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Because plaintiff's argument is without merit, I affirm the SSA's decision.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. CPP is one of four broad functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the extent to which the claimant's impairment "interferes with [his] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme. *Id*. §§ 416.920a(c)(4). A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work…[because] the ability to perform simple tasks differs from the ability to stay on task." *Id*. at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The Fourth Circuit subsequently emphasized *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations…as a specific limitation in the RFC." *Shinaberry*, 952 F.3d at 121 (finding the ALJ adequately explained how

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

an RFC limited to simple, routine, and repetitive tasks accounted for the plaintiff's moderate CPP limitation because the ALJ referenced psychological evaluations and the plaintiff's adult function report, all of which supported his conclusion). Rather, an ALJ need only explain how substantial evidence supports his conclusion as to the plaintiff's CPP abilities in a work setting. *See, e.g.*, *Sizemore v. Berryhill*, 878 F.3d 72, 79-81 (4th Cir. 2017) (holding two medical opinions substantially supported the ALJ's determination that the plaintiff could work in a low stress setting, defined as non-production jobs without any fast-paced work, despite his moderate CPP limitation); *see* SSR 98-8p, 1; *see also Thomas v. Berryhill*, 916 F.3d 207, 311 (4th Cir. 2019) ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. On a function report, the claimant reported difficulty paying attention for prolonged periods, yet he did not allege any significant difficulty completing tasks or following directions. (Ex. 4E/7). On consultative examination, the claimant was extremely fidgety and active, constantly moving to and from the edge of the seat on the sofa. Notably, the claimant admitted that he could follow simple directions without problems, and that he is able to shop for food and manage his finances without assistance. (Ex. 4F/2). During the relevant period, the claimant reported that he tends to self-medicate with drugs, which could certainly interfere with his ability to concentrate. (Ex. 10F/1; 20F/3). Despite his alleged concentration difficulties, he maintains his personal care/grooming, shops in stores, prepares light meals, performs household chores, utilizes public transportation, watches television, and manages his finances independently. (Ex. 7E/2-5; 4F/2-3). As such, the undersigned finds a moderate limitation….

Tr. 951.[2]

Plaintiff argues, in light this CPP finding, the RFC determination violates *Mascio*'s mandate because the ALJ excluded a CPP-related limitation from plaintiff's RFC without explanation. Pl.'s Mot. at 6-7; *see Mascio*, 780 F.3d at 638. Plaintiff alternatively argues the ALJ failed to explain how the RFC accounts for plaintiff's CPP limitation. *Id.* Defendant argues the ALJ adequately accounted for plaintiff's CPP limitation by restricting plaintiff's RFC to situations in which plaintiff retains the abilities to concentrate, persist, and maintain pace. Def.'s Mot. at 8 ("…Plaintiff ignores key elements of the RFC finding where the ALJ specifically found [p]laintiff '*retains the ability to concentrate, persist, and stay on pace* with regard to performing simple one-to-four step, routine repetitive tasks' and should be limited to 'a low stress work environment…which would *not require a fast pace or production quotas* such as would customarily be found working on assembly line.'") (citing Tr. 952) (emphasis in original). I agree with defendant and accordingly affirm.

---

[2] The ALJ finished this functional area by incorrectly stating the finding was about plaintiff's ability to interact with others. The analysis in the paragraph makes clear the ALJ meant to make a CPP finding. Additionally, the ALJ's finding as to plaintiff's ability to interact with others immediately preceded the CPP paragraph cited here. *See* Tr. 950-51. Thus, it appears the ALJ simply misspoke.

In *Mascio*, the ALJ limited the plaintiff's nonexertional RFC to "unskilled work." 780 F.3d at 635. Here, unlike in *Mascio*, the RFC determination expressly incorporates at least two limitations related to plaintiff's moderate CPP limitation. *See* Tr. 956; *see also id.* First, the ALJ limited plaintiff to simple, one-to-four step routine, repetitive tasks, with respect to which the ALJ found plaintiff retained the abilities to concentrate, persist, and maintain pace. Tr. 952, 956. Second, the ALJ limited plaintiff to work "which would not require a fast pace or production quotas such as would customarily be found on an assembly line." Tr. 952. The first limitation evades remand under *Mascio* because the ALJ explained, by specifically referencing the record, that plaintiff could stay on task while engaging in simple, repetitive tasks. *See Sizemore*, 878 F.3d at 80-1. The second limitation speaks directly to plaintiff's pace, irrespective of the task in which he is engaged.

As to the first limitation, plaintiff argues only the ALJ "did not explain how a limitation [to] 'simple one to four step routine, repetitive tasks, where such work is performed in a low stress work environment' reflected moderate difficulties in concentration, persistence, and pace." Pl.'s Mot. at 7. Plaintiff does not address the ALJ's citation to state agency non-examining expert Dr. Lynda Wall's initial disability report, which "found the claimant [could] understand and remember very short and simple instructions and maintain attention and concentration for two hour periods over an eight-hour workday in order to carry out simple tasks at a productive pace." Tr. 958 (citing Tr. 88-91, 99-102). Plaintiff also does not address the ALJ's reference to state agency non-examining expert Dr. Candace Mihm's reconsideration disability report, in which Dr. Mihm concluded plaintiff "appears to retain the capacity to complete simple repetitive tasks in low social demand setting[s]." Tr. 958, 113, 126. Dr. Mihm also later wrote plaintiff "is able to maintain attention and concentration in order to carry out simple tasks at a productive pace." Tr. 116, 129. These two opinions, which the ALJ assigned great weight, "substantial[ly] support" the ALJ's RFC determination as to plaintiff's ability to sustain concentration over an eight-hour workday when confined to simple tasks in a low stress environment. Tr. 958; *Sizemore*, 878 F.3d at 81.

Both Dr. Wall and Dr. Mihm also concluded plaintiff would have some distractibility and slowed work pace due to his mental symptoms. Tr. 91, 102, 116, 129. Plaintiff argues these opinions necessitate an additional limitation in his RFC. *See* Pl.'s Mot. at 6. But plaintiff does not explain how or why the ALJ's confinement of plaintiff to work "which would not require a fast pace or production quotas such as would be customarily be found on an assembly line" insufficiently addresses this CPP limitation. *See id.* at 3-7. In fact, plaintiff mentions this RFC component only in the factual background of his motion; the limitation does not otherwise appear in his argument at all. *See* Pl.'s Mot. Remand under *Mascio* is simply inappropriate absent a showing that the RFC determination does not account for plaintiff's moderate CPP limitation. 780 F.3d at 638.

Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Taft W. v. Saul*
Civil No. DLB-19-2781
December 3, 2020
Page 5

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). On the record before me, I find the ALJ determined plaintiff's RFC through the application of correct legal standards and identification of substantial evidence.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 10, is denied, and defendant's motion for summary judgment, ECF 12, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

    Sincerely yours,

    /s/

    Deborah L. Boardman
    United States Magistrate Judge